IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| **LOLITA HODGES, et al.,** | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: CBD-14-0891 |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion for Entry of Default (Defendant Javar Battle) and for Judgment by Default (the "Motion") (ECF No. 32). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES the Motion.

### I.   Factual and Procedural Background

Martina L. Hodges (the "Decedent") is the daughter of Lolita Hodges ("Plaintiff"). The Decedent suffered from Rett's Syndrome and scoliosis, had rods fused to her spine, and was wheelchair bound. On February 14, 2011, Javar Battle ("Defendant"), at the time employed by a transportation service for disabled individuals, was driving the Decedent to an adult daycare facility when the wheelchair in which the Decedent was seated tipped over, causing the Decedent to fall and sustain severe injuries. Her back and neck were broken, rendering her quadriplegic and necessitating a surgery which she did not survive.

Unaware of the identity of the driver of the vehicle in which the Decedent sustained her injuries, on or about February 11, 2014, Plaintiff filed a complaint in Maryland state court against a "John Doe" defendant, as well as the companies that employed him, for negligence and wrongful death.  ECF No. 2.  The John Doe defendant did not file an Answer.  The case was removed to federal court on March 21, 2014.  ECF No. 1.

On June 21, 2014, soon after the discovery of the Doe defendant's identity, Plaintiff served Defendant with a copy of the state court complaint (ECF No. 2).  On July 15, 2014, Plaintiff filed a motion to amend in this Court to bring the state court complaint into compliance with federal filing requirements and to substitute the Doe defendant with Defendant Javar Battle.  ECF No. 29.  This motion was granted on October 9, 2014.  ECF No. 41.  After Defendant did not reply to the state court complaint for nearly sixty days, Plaintiff filed the Motion.

## II.     Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments.  Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  A party who has been properly served with a summons and complaint "must serve an answer within 21 days after being served."  Fed. R. Civ. P. 12(a)(1)(A).

## III.    Discussion

Entry of default and default judgment may only be entered after a defendant has been properly served.  *See, e.g., Maryland State Firemen's Ass'n v. Chavez*, 166 F.R.D. 353, 354 (D. Md. 1996) (noting that "[i]t is axiomatic that service of process must be effective under the

Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant").

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure, which indicates that for service to be proper, a plaintiff must serve a defendant with a copy of the complaint and the summons. Fed. R. Civ. P. 4(c)(1). The summons must, inter alia, include the name of the court where the complaint is pending and the parties to the case, state the time within which the defendant must appear and defend, be signed by the clerk, and bear the court's seal. Fed R. Civ. P. 4(a)(1).

On June 21, 2014, Plaintiff served Defendant with a copy of the complaint it served to the other defendants in February along with a new summons. ECF No. 38, Ex. 1. While the summons did name Defendant, it was for a terminated proceeding in the Circuit Court for Prince George's County. This case is before the U.S. District Court for the District of Maryland, and the summons was required to indicate as much. Fed. R. Civ. P. 4(a)(1). The summons also indicated that Defendant was required to answer within 30 days of receipt. However, had service been proper, Defendant would have been required to answer within 21 days, and to this Court. Fed. R. Civ. P. 12(a)(1)(A). Plaintiff's service fails the requirements of proper service.

Plaintiff argues that service was proper because Defendant had notice of the pendency of a complaint against him. Support for this argument can be found in the Fourth Circuit, which has held that "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984). However, it is unclear that Defendant had actual notice of the commencement of *this* action in *this* Court. The service Plaintiff gave to Defendant, standing alone, would tend to lead Defendant to believe he was facing a defunct state

court complaint.  If Defendant asked the Circuit Court for Prince George's County about that complaint, he may have found out that it had been terminated and would not have known of a duty to defend in this Court.  Plaintiff's service did not put Defendant on notice of the pendency of this action and thus did not affect proper service.

Plaintiff argues that Defendant, or his legal representative, should be the one to raise any issues regarding defective service of process.  Plaintiff is correct that the defense counselors who penned the opposition to the Motion have not entered an appearance for Defendant, and this Court recommends that if these defense counselors intend to provide legal counsel to Defendant, they should enter an appearance to do so.  However, regardless of the opposition to the Motion, the Court may review whether Plaintiff properly served Defendant.  This Court finds insufficient evidence to show that Plaintiff has.

Plaintiff argues that the federal rules "expressly permit[] completion of *state court process* on parties who have not been served at the time of the removal."  ECF No. 38.  This is a misreading of the federal rules, which instead indicate that after removal, service of process can be affected "in the same manner as in cases originally file in such district court."  28 U.S.C. § 1448.  This language indicates that Plaintiff can now properly serve Defendant by adhering to the Federal Rules of Civil Procedure, which govern service in the U.S. District Court for the District of Maryland.  This Court finds that Plaintiff's service did not comply with the federal rules.

Finally, Plaintiff argues that after it served Defendant with the defunct complaint from her complaint in the Circuit Court for Prince George's County, Defendant had an obligation to respond in either the state or federal court.  Defendant had no obligation to respond in state court as there was and is not a complaint against Defendant in state court.  Defendant had no

obligation to respond in federal court because service was not proper. Critically, Defendant could not have inferred from Plaintiff's summons and complaint alone that the complaint pending was in federal court.

Plaintiff is right that, as of this Court's partial grant (ECF No. 41) of Plaintiff's motion to amend (ECF No. 29), Mr. Battle is a party to this case within the jurisdiction of this court. However, proper service must still be affected for the clock to begin on Defendant's duty to answer the complaint against him in this Court. Because proper service is a pre-requisite for an entry of default, and entry of default is a pre-requisite for a default judgment, this Court must deny Plaintiff's Motion.

## IV. Conclusion

Based on the foregoing, this Court DENIES the Motion.

November 5, 2014                                   /s/
                                                   Charles B. Day
                                                   United States Magistrate Judge

CBD/sdh